UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 26-cr-0014-bhl

v.

KENYARI SANFORD,

Defendant.

---

## DECISION AND ORDER

---

On January 27, 2026, a grand jury returned a single-count indictment charging Kenyari Sanford with unlawfully possessing a firearm after he had been convicted of at least three violent felony offenses in violation of 18 U.S.C. §922(g)(1) and §924(e). (ECF No. 1.) He faces a mandatory minimum 15-year prison term under the Armed Career Criminal Act (ACCA) if convicted. (ECF No. 3 at 1.) The indictment was premised upon the execution of a state search warrant of a hotel room from which a firearm was recovered. On August 3, 2026, Sanford filed a motion for a bill of particulars, a motion to dismiss the ACCA enhancement, a motion to suppress, and requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). (ECF Nos. 34 & 35.) In a Recommendation and Order, Magistrate Judge William E. Duffin denied all of Sanford's motions and rejected his request for an evidentiary hearing. (ECF No. 42.) Sanford timely objected to the magistrate judge's rulings, (ECF No. 43), and briefing on the objections is now complete. For the reasons given below, the Court adopts the recommendation of Judge Duffin and denies Sanford's motions.

## BACKGROUND

On March 1, 2025, police officers responded to a report that a male had "pulled a gun on two females" while inside a guest room at a Homewood Suites in Wauwatosa. (ECF No. 34-1 ¶8.) Officer Mitchell Kriz was already in the hotel lobby for an unrelated investigation and spoke with two women, G.P. and L.M, as they walked into the lobby indicating they were on the phone with the police. (*Id.* ¶8–9.) G.P. and L.M. stated to Officer Kriz that they had been in the hotel room

with their friend, T.H., and Sanford and that Sanford had pulled out a gun and "cocked it." (*Id.* ¶9.) L.M. stated that Sanford was mad that G.P. and L.M. were staying in the hotel room. (*Id.*) L.M. further stated that she and Sanford argued and Sanford said "Since mother fuckers wanna play, you know how I am" and "cocked the gun." (*Id.*) Officer Kriz and other officers went to the hotel room where they heard arguing and after knocking and announcing their presence, Sanford opened the door after about 20–30 seconds had elapsed. (*Id.* ¶10.)

That same day, Officer Kriz submitted an affidavit in support of a warrant to search the hotel room. (*Id.* at 3–6.) In the affidavit, Officer Kriz recounted his conversations with G.P. and L.M. that Sanford had pulled out a gun and "cocked it" and noted that L.M. advised Officer Kriz that when she and G.P. left, Sanford and T.H. remained in the hotel room arguing. (*Id.* ¶9.) Officer Kriz further alleged that the 20–30 seconds that had elapsed when the police officers were outside the hotel room door provided Sanford "ample time to hide the firearm." (*Id.* ¶10.) The affidavit also detailed that a criminal history check revealed that Sanford had "an extensive history of firearms related charges" and was a convicted felon with prior felony charges. (*Id.* ¶11.) Officer Kriz also noted that because the affidavit was submitted for the limited purpose of securing authorization for a search warrant, he did not include "each and every fact known to him concerning this investigation" and set forth only the facts he believed established probable cause to search the room. (*Id.* ¶5.) A Milwaukee County Circuit Court judge signed the search warrant and authorized the search, which led to the recovery of a firearm. (*Id.* at 1–2; ECF No. 39 at 8.)

On August 3, 2026, Sanford moved to suppress all evidence from the search and requested a hearing under *Franks*, arguing that the affidavit submitted in support of the warrant contained false information and omitted material information. (ECF No. 34.) Sanford also moved for a bill of particulars requiring the government to identify the prior qualifying offenses and to dismiss the ACCA enhancement because he claimed that none of the offenses in a prior federal case constituted a "violent felony." (ECF No. 35.) The government argued that Sanford's bill of particulars was untimely and inadequately supported but confirmed the three predicate violent felony offenses it intends to offer are one count of Hobbs Act robbery and two counts of bank robbery from *United States v. Sanford*, No. 15-cr-0158-pp, (judgment entered on December 19, 2016). (ECF No. 40 at 2–3.) Given that the government supplied the requested information, Judge Duffin found the request for a bill of particulars moot and denied the request. (ECF No. 42 at 3.)

Sanford also moved to dismiss the ACCA enhancement because he contended that neither the Hobbs Act robbery nor the two bank robberies qualify as violent felonies. (ECF No. 35.) Sanford, however, conceded that *United States v. Hatley*, 61 F.4th 536 (7th Cir 2023), "currently forecloses the argument that Hobbs Act robbery is not a violent felony." (*Id.* at 2.) In *Hatley*, the Seventh Circuit determined that the ACCA's enumerated crime of extortion encompasses Hobbs Act robbery using force against property because there is not "a 'realistic probability' that someone could commit a Hobbs Act robbery by using force against property without also committing generic extortion." 61 F.4th at 540. Judge Duffin, relying on *Hatley*, determined that Sanford's prior convictions for Hobbs Act robbery and bank robbery constitute violent felonies under the ACCA and denied Sanford's motion to dismiss. (ECF No. 42 at 4–5.)

Sanford also filed a motion to suppress the evidence recovered during the hotel room search, arguing that Officer Kriz intentionally or recklessly included material false statements and omitted material information in the probable cause affidavit and requested an evidentiary hearing under *Franks*. (ECF No. 34.) Sanford argued that Kriz's affidavit omitted: (1) T.H.'s statement that she never saw or heard a firearm and (2) G.P. and L.M.'s statements that they only heard the sound of a firearm "cocking" and did not visually observe a firearm. (ECF No. 42 at 7 (citing ECF No. 34 at 11).) Judge Duffin concluded that even if the affidavit had included the omitted statements and clarified that neither G.P. nor L.M. observed a gun, the affidavit still would have established probable cause to search the hotel room and denied the motion to suppress and request for a *Franks* hearing. (*Id.* at 9.) On October 5, 2026, Sanford filed his objections to Judge Duffin's Recommendation and Order. (ECF No. 43.)

## STANDARD OF REVIEW

Sanford's objection to Judge Duffin's recommendation that the motions to dismiss and to suppress be denied is governed by Federal Rule of Criminal Procedure 59(b). Under the rule, parties have fourteen days to file "specific written objections" to a magistrate judge's report and recommendation on motions to suppress or dismiss. Fed. R. Crim. P. 59(b)(2). The district judge must then review *de novo* any portions of the magistrate judge's recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Sanford's challenge to the magistrate judge's denial of his request for a *Franks* hearing is governed by Rule 59(a), which governs the referral of non-

dispositive matters to magistrate judges. The rule gives parties fourteen days to file objections to a magistrate judge's order, and directs the district court to "consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.*

## ANALYSIS

The Court has reviewed the motions, responses, Judge Duffin's thorough and well-reasoned Recommendation and Order, Sanford's objections, and the government's response to those objections. Even applying *de novo* review to those portions objected to by Sanford, the record confirms, as described below, that Judge Duffin correctly concluded that both motions should be denied. Accordingly, the Court will overrule Sanford's objections and adopt the magistrate judge's recommendation, including his reasoning, in its entirety.

### I. Judge Duffin, Following Seventh Circuit Precedent, Correctly Denied Sanford's Motion to Dismiss.

Judge Duffin, relying upon *Hatley*, 61 F.4th 536, correctly found that Sanford's prior federal convictions for Hobbs Act Robbery and bank robbery are violent felonies under the ACCA. (ECF No. 42 at 4–7.) The ACCA defines a "violent felony" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. §924(e)(2)(B)(i) ("force clause"), or "is burglary, arson, or extortion" or "involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii) ("enumerated offenses clause"). A "violent felony" under the ACCA therefore includes "extortion." 18 U.S.C. 924(e)(2)(B)(ii). In *Hatley*, the Seventh Circuit addressed whether a Hobbs Act robbery conviction for using force against *property* fits within ACCA extortion. 61 F.4th at 539. The Seventh Circuit held that "generic extortion encompasses Hobbs Act robbery using force against property." *Id.* The Seventh Circuit explained, "the question we ask ourselves is whether there is a 'realistic probability' that someone could commit a Hobbs Act robbery by using force against property without also committing generic extortion. [The defendant] has not identified any examples, let alone one rising above a 'fanciful hypothetical.' Neither have we, after conducting our own independent review." *Id.* at 540 (citations and quotations omitted).

Sanford concedes that *Hatley* currently forecloses the argument that Hobbs Act robbery is not a violent felony but objects to preserve the issue for appeal. (ECF No. 35 at 2; ECF No. 43 at 1.) This Court is bound by *Hatley* and thus must overrule Sanford's objection on this ground.

Sanford also argues that bank robbery does not qualify as a violent felony under the ACCA. (ECF No. 35 at 7–9.) He contends that the federal bank robbery statute, 18 U.S.C. § 2113(a), should not be divisible into separate force/intimidation and extortion offenses for categorical-approach purposes. (*Id.*) But he concedes that bank robbery qualifies under the ACCA's enumerated "extortion" clause under *Hatley* and contends that Court should not follow *Hatley*. (*Id.*) As noted by the government, *Hatley* supports the conclusion that bank extortion is a "violent felony." (*See* ECF No. 40 at 6–7.) The Court concludes that Judge Duffin correctly relied on *Hatley* in determining that Sanford's prior convictions for Hobbs Act robbery and bank robbery constitute violent felonies under the ACCA. Sanford's objection to the denial of the motion to dismiss is therefore overruled.

## II. Judge Duffin Properly Denied Sanford's Motion to Suppress and Request for a *Franks* Hearing.

Sanford objects to Judge Duffin's recommendation to deny the suppression motion arguing that the affidavit in support of the warrant "failed to paint a complete and accurate picture of the investigation" and that Judge Duffin simply "got this wrong." (ECF No. 43 at 1, 3.) Sanford contends that Officer Kriz's affidavit failed to include that L.M. and G.P. informed him that they never actually saw a gun and that T.H. denied that Sanford pulled a gun on her friends as "she did not see a gun, did not hear one, and did not know Sanford to carry one." (*Id.* at 1–2; ECF No. 51 at 6.)

Judge Duffin concluded that even if the omitted information had been included in the affidavit, the affidavit would have established probable cause. (ECF No. 42 at 8–9 (citing *United States v. Jackson*, 179 F.4th 545, 551 (7th Cir. 2026) ("[A]n omitted fact is material if its inclusion would have negated probable cause."); *see also United States v. Hancock*, 844 F.3d 702, 708 (7th Cir. 2016) (observing that "[i]f sufficient allegations existed warranting the search irrespective of the affiant's alleged errors, a hearing is unnecessary and the motion should be denied.") (citation omitted). The Court agrees. "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Sims*, 551 F.3d 640, 644 (7th Cir. 2008) (quoting *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002)). That decision is afforded great deference. *See United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009). Thus, a reviewing court should "uphold a finding of

probable cause so long as the issuing judge had a substantial basis to conclude that the search was reasonably likely to uncover evidence of wrongdoing." *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010). Reversal is appropriate "only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999) (quoting *United States v. Pritchard*, 745 F.2d 1112, 1120 (7th Cir. 1984)). "[D]oubtful cases should be resolved in favor of upholding the warrant." *United States v. Quintanilla*, 218 F.3d 674, 677 (7th Cir. 2000).

Judge Duffin appropriately evaluated the affidavit and made a commonsense decision regarding the omitted information. Judge Duffin noted that L.M. and G.P. made prompt contact with law enforcement and were consistent in their reports that Sanford possessed a firearm and "cocked it;" Sanford did not offer reason to question their familiarity with the sound of a gun cocking; the sound of a gun cocking is relevant and consequential to the probable cause analysis; Sanford did not offer a reason to question L.M. or G.P.'s credibility; and T.H.'s statement that Sanford did not have a firearm was undermined by her romantic relationship with him. (ECF No. 42 at 9.) Sanford contends that the record undercuts T.H.'s bias as she told Officer Kriz that she and Sanford "were a couple but were splitting up," and that she was leaving the hotel that day because she was moving to Memphis. (ECF No. 51 at 5–6.) Even if Officer Kriz had included T.H.'s relationship status with Sanford and her statement that Sanford did not possess a firearm and clarified that G.P. and L.M. did not see a gun but heard the cocking sound, the affidavit still would have established probable cause. The Court agrees with Judge Duffin that no suppression is warranted.

To obtain an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant "must make a substantial preliminary showing of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth." *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014) (quotations omitted). Challenges to the veracity of a warrant affidavit "must be more than conclusory." *Franks*, 438 U.S. at 171. A defendant must be able to point to "specific omissions or misrepresentations in the affidavit"—mere "negligent or innocent mistakes are not enough." *United States v. Bell*, 925 F.3d 362, 372 (7th Cir. 2019) (quotation omitted). However, to secure a *Franks* hearing, a defendant

faces a burden of production only: "[p]roof by a preponderance of the evidence is not required until the *Franks* hearing itself." *Glover*, 755 F.3d at 820. As the Seventh Circuit has stated, "[t]hese elements are hard to prove, and thus *Franks* hearing are rarely held." *United States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000); *see also United States v. Johnson*, 580 F.3d 666, 670 (7th Cir. 2009) ("*Franks* hearing are rarely required."). The Court also agrees with Judge Duffin that a *Franks* hearing is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Defendant's objections to Judge Duffin's Recommendation and Order, ECF No. 43, and **ADOPTS** the Recommendation of Judge Duffin, ECF No. 42.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress, ECF No. 34, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss ACCA Enhancement, ECF No. 35, is **DENIED**.

Dated at Milwaukee, Wisconsin on November 9, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge